UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CRIMINAL NO. 05-389 (JDB) |
| : | |
| JOSEPH W. GAITHER, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INFORMATION AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal information and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a criminal information charging a Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C., Section 922(g)(1) and Misdemeanor Threats, in violation of 22 D.C. Code, Section 407. A copy of the criminal information and plea agreement are attached hereto as Exhibits A&B.

The sealing is necessary because the attached Information, plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his having a pending case in this district, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant and innocent third parties at substantial risk; (2) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (3) causing potential witnesses to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public

docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

The government notes that there is an outstanding arrest warrant for defendant in Prince George's County, Maryland, charging him with assault in the first and second degree and with handgun in a vehicle and that the complainant in that case is the same complainant named in count two of the attached information in this case. Both parties request that they be authorized to discuss the fact that defendant has entered a plea as well as the facts involved in this case with the State's Attorney's Office for Prince George's County, Maryland. Both parties further represent that this information can be disclosed without compromising defendant's safety or cooperation.

Defense counsel, Dani Jahn, has been advised of the contents of this motion and has informed the undersigned prosecutor of her support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451-058

BY: _____
DENISE M. CLARK
Assistant United States Attorney
D.C. Bar No. 479149
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4840
Washington, D.C. 20530
202-353-8213

Case 1:05-cr-00389-JDB    Document 11    Filed 02/09/2006    Page 4 of 5

*Certificate of Service*

I hereby certify that a copy of the foregoing government's Motion to Seal the Criminal Information and Other Pleadings, Records, Proceedings, and Files and to Delay Entry on the Public Docket of the Filing of this Motion to Seal and All Related Matters has been mailed, postage prepaid, to counsel for Joseph Gaither, Dani Jahn, Esquire, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C., 20004, this _____th day of February 2006.

_____
DENISE M. CLARK
Assistant United States Attorney
D.C. Bar No. 479149
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 353-8213