UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-389 (JDB) |
| | ) | |
| JOSEPH W. GAITHER, | ) | UNDER SEAL |
| | ) | |
| Defendant. | ) | |

### SENTENCING MEMORANDUM

Mr. Joseph Gaither, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing in anticipation of his sentencing hearing, currently scheduled for April 17, 2007. Based on all of the sentencing factors in this case and the 5K1.1 motion for departure that Counsel anticipates the government will file if it has not already done so,[1] Mr. Gaither respectfully requests that he be sentenced to time served and two years supervised release.

### Background

On February 9, 2006, a two-count superceding information was filed charging Mr. Gaither with Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Count Two - Misdemeanor Threats, in violation of 22 D.C. Code § 407. Mr. Gaither pled guilty to both counts of the superceding information on February 10, 2006, pursuant to a written plea agreement whereby Mr. Gaither agreed to cooperate with the government. In

---

[1] Undersigned counsel has been notified by Assistant United States Attorney, Precious Murchison, who indicated that the government has authorized the filing of § 5K1.1 motion.

addition to the standard cooperation language contained in the plea agreement, the government agreed to a three-level reduction for acceptance of responsibility, pursuant to §3E1.1.

Mr. Gaither was released by this Court on February 10, 2006, with the condition that he report weekly by phone to Pretrial Services. To date, with the exception when Mr. Gaither was hospitalized, Mr. Gaither has complied with his pretrial release conditions.

Since his arrest, Mr. Gaither has cooperated fully and debriefed with various police officers and Assistant United States Attorneys. In particular, Mr. Gaither testified against Andrew Hines in a murder trial in Superior Court in December 2006. Mr. Hines was found guilty of murder, due in part, to Mr. Gaither's testimony. According to Assistant United States Attorney, Nihar Mohanty, who prosecuted the case of Mr. Hines, the jurors particularly found Mr. Gaither's testimony very truthful.

**Argument**

It is Mr. Gaither's understanding that the government has concluded that his assistance was extremely valuable and sufficient to warrant a substantial 5K1.1 departure from the advisory sentencing guidelines. In light of this 5K1.1 motion, the Booker decision, and the sentencing factors in 18 U.S.C. §3553(a), a sentence of time served would be appropriate in this case. Further, the factors identified in 18 U.S.C. § 3553(a) specifically support Mr. Gaither's request that he be sentenced to a term of probation. These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.**  (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]."  18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a), in addition to the information presented in the government's 5K1.1 motion, demonstrates that a sentence of time served would be warranted in this matter.  The Court should consider Mr. Gaither's acknowledgment of his wrongdoing, his very early assistance to law enforcement officials, in addition to an early plea.  Further, it should be noted that Mr. Gaither's medical situation has been gravely affected by his incarceration status, during the time period of October 2005 through February 2006, at the D.C. Jail and Correctional Treatment Facility.  Since his release in February 2006, Mr. Gaither was hospitalized at the Washington Hospital Center and is now

getting specialized care at a nursing home in Adelphi, Maryland, called Heartland of Adelphi. This nursing home is now his permanent residence.

Therefore, sentencing Mr. Gaither to a term of time served is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Gaither with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Gaither respectfully submits that a sentence of time served with a two year term of supervised release is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500

## CERTIFICATE OF SERVICE

I, Dani Jahn, Assistant Federal Public Defender, hereby certify that I have served a copy of the attached Sentencing Memorandum upon Precious Murchison, Esquire, Assistant United States Attorney, via facsimile.

/s/
Dani Jahn
Assistant Federal Public Defender
