UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **Criminal No. 05-389 (JDB)** |
| | : | **(Under Seal)** |
| **JOSEPH GAITHER,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION FOR DEPARTURE
### FROM GUIDELINES SENTENCE

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to 18 United States Code, Section 3553(a) and Section 5K1.1 of the United States Sentencing Guidelines, to sentence the Defendant, Joseph Gaither, to a term below the range as set forth in the Sentencing Guidelines. In support of this motion, the United States proffers the following points and authorities, as well as any others that may be cited at the sentencing hearing in this matter:

**I.      BACKGROUND**

On February 10, 2006, Defendant Joseph Gaither pled guilty to a two-count, superseding criminal Information charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C., Section 922(g)(1), and Misdemeanor Threats, in violation of 22 D.C. Code, Section 407. The Court accepted the Defendant's guilty plea, which was made pursuant to a written plea agreement whereby the Defendant agreed to cooperate with the government.

2

## II.   BASIS FOR GOVERNMENT'S DEPARTURE REQUEST

The United States has determined to file its motion to depart in the above-captioned matter because the Defendant has provided substantial assistance in the investigation and prosecution of Superior Court of the District of Columbia case United States v. Andrew Hines, case number 2005-FEL-7060. As the Court is aware, in this District all departure motions made by the United States must be reviewed by the United States Attorney's Office Departure Committee. Counsel for the government submitted this matter to the Departure Committee for its review and the Committee authorized the filing of this motion. A departure from the Sentencing Guidelines range is warranted for a number of reasons in this case.

First, the Defendant agreed to enter his plea of guilty in a timely manner, and he provided timely assistance to the government and to law enforcement officials.

Second, the nature and extent of the Defendant's assistance justifies imposition of a sentence below the Sentencing Guidelines range. As noted above, Defendant Gaither testified in the Hines case. A brief discussion of the facts of that case, and Defendant Gaither's testimony at trial, illustrates this point.

The government's evidence in the Hines case showed that Joseph Gaither and Andrew Hines had been long-time friends. At about 11:30 p.m. on September 14, 2005, the decedent, Nathan Larkins, Jr., challenged Hines to a fist fight. Thereafter, Hines ran away, got a handgun from one of his associates, and then tracked down Larkins in an alley in the 1200 block of Stevens Road, Southeast. Hines then shot Larkins six times, and Larkins died as a result of his injuries. At trial, Joseph Gaither testified that he saw the initial confrontation between the two men. He also testified that he saw Hines shortly after the shooting when Larkins's friends were chasing and shooting at

3

Hines. Joseph Gaither admitted that he pulled out his own gun and fired to protect Hines. He further testified that Hines told him where and why he shot Larkins, and Joseph Gaither knew what type of weapon Hines used to commit the murder. Joseph Gaither's testimony was critical in rebutting Hines's defense that Hines shot Larkins in self-defense. Joseph Gaither was an essential witness at trial, and the value of his assistance justifies a departure.

Third, Defendant Gaither testified credibly and completely in the <u>Hines</u> case. For example, he candidly admitted his own wrongdoing - - including selling cocaine and shooting at the persons chasing Hines. Defendant Gaither did not embellish what he saw or heard. Moreover, government trial counsel spoke with the jurors after trial, and all jurors agreed that Defendant Gaither was credible and honest.

Finally, Defendant Gaither's assistance was both significant and useful. Crediting his testimony, the jurors convicted Hines of first-degree murder while armed and related charges.

The Departure Committee considered all of this information in reaching its determination to authorize the filing of this motion and we commend it to the Court in its determination of whether to depart and the extent of any departure.

4

**WHEREFORE**, the United States respectfully moves that the Court depart from the Sentencing Guidelines range for imprisonment, and impose a sentence of time served, and a supervised release term of not less than two years.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

_____

Precious Murchison
Assistant United States Attorney
Federal Major Crimes Section
Maryland Bar
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-94

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first class mail to counsel for the Defendant, Danielle Jahn, Esquire, 625 Indiana Avenue, N.W., Washington, D.C., 20004, and by facsimile, facsimile number 202-208-7515 on this 12th day of April 2007.

_____

Precious Murchison
Assistant United States Attorney