UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 05-389 (JDB) |
| | : | (Under Seal) |
| JOSEPH GAITHER, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) & (b) of the Sentencing Guidelines, to adjust the Defendant's offense level down three levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.    BACKGROUND**

On October 27, 2005, the Defendant was charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C., Section 922(g)(1). Thereafter, on February 9, 2006, the Defendant was charged in a two-count superseding criminal Information with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C., Section 922(g)(1), and Misdemeanor Threats, in violation of 22 D.C. Code, Section 407. On February 10, 2006, Defendant Joseph Gaither pled guilty to the two-count, superseding criminal Information. The Court accepted the Defendant's guilty plea, which was made pursuant to a written

1

plea agreement whereby the Defendant agreed to cooperate with the government. At that time the Defendant admitted to the following:

On September 7, 2005, the Defendant approached Bassemah Johnson, the mother of his two children, as she was leaving her home in Washington, D.C. The Defendant lifted his shirt, revealing what appeared to be a revolver, and said to her, "I'm going to fuck you up." Ms. Johnson reported the incident to the Metropolitan Police Department ("MPD"), who later obtained an arrest warrant for the Defendant.

On October 4, 2005, at about 5:30 p.m., officers with the MPD located the Defendant at 1315 Stevens Road, Southeast, Washington, D.C., and arrested him pursuant to the warrant. Once the Defendant was in handcuffs, one of the officers asked him if he had any weapons in his possession. The Defendant stated that he had a gun in his pants. The officer reached into the Defendant's pants and recovered a Lorcin .380 caliber handgun, which was loaded with seven rounds of ammunition and had one round of ammunition in the chamber. The Defendant was later advised of his Miranda rights, and he executed a written waiver of those rights. Once the Defendant waived his Miranda rights, he admitted that the gun and ammunition were his.

On May 31, 1990, the Defendant had been previously convicted of a felony in the District of Columbia, in Superior Court criminal case number F-8525-89. The gun and the ammunition that were recovered in this case were not manufactured in the District of Columbia, and they were shipped to the District of Columbia through interstate commerce.

II. **SENTENCING CALCULATION**

    A. Statutory Minimums and Maximums

Pursuant to Title 18, United States Code, Section 922(g)(1) and Section 924, the charge

carries a maximum sentence of 10 years imprisonment, a fine of up to $250,000.00, a special assessment of $100.00, and up to three years of supervised release.

    B.    <u>Sentencing Guidelines Calculation</u>

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 17. <u>See</u> PSR ¶ 22. The PSR calculates the Defendant's criminal history as Category III. <u>See</u> PSR ¶ 30. Therefore, the PSR calculates the Guideline range for the Defendant at 30 to 37 months. <u>See</u> PSR ¶ 68.

### III. GOVERNMENT'S RECOMMENDATIONS

    A.    <u>Acceptance of Responsibility</u>

The government agrees that the Defendant's base offense level should be decreased by three points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea, thereby admitting the conduct comprising the offense, and he has cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a three-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

    B.    <u>Application of the Federal Guidelines post-Booker</u>

Pursuant to the plea agreement between the government and the Defendant, and the government's Motion for Departure From Guidelines Sentence ("Departure Motion"), which is being filed simultaneously with this sentencing memorandum, the Court should impose a sentence below the guidelines range. In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United

States Code, Section 3553(b)(1). <u>Booker</u>, 125 S. Ct. at 756. However, the Court expressly refused to invalidate the Guidelines in their entirety. To the contrary, the Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it thus remains true that, absent unusual or special circumstances, the sentence in a criminal case should fall within the Guideline range as determined by this Court. This case presents such a special circumstance. As fully explained in the government's Departure Motion, this is a case in which the Defendant provided substantial assistance to the government, and under these circumstances, departure from the Guidelines range is thus warranted. Moreover, consistent with the application notes of § 5K1.1, "[t]he sentence reduction the Defendant should received for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility." <u>See</u> USSG § 5K1.1 n.2.

## IV.     CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the Defendant below the Guidelines range, impose a sentence of time served, and a supervised release period of not less than two years.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

_____
Precious Murchison
Assistant United States Attorney
Federal Major Crimes Section
Maryland Bar
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-9414

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first class mail to counsel for the Defendant, Danielle Jahn, Esquire, 625 Indiana Avenue, N.W., Washington, D.C., 20004, and by facsimile, facsimile number 202-208-7515 on this 13th day of April 2007.

_____
Precious Murchison
Assistant United States Attorney